plaintiff also appealed from the same judgment, on the ground that certain other deductions allowed by the referee from the plaintiff's claim should have been disallowed. An application to dismiss the plaintiff's appeal was denied. 17 N. Y. Supp. 380, supra. The appeals were heard separately, and the plaintiff succeeded upon his appeal in this court (18 N. Y. Supp. 780), and in the court of appeals as well (138 N. Y. 673, 34 N. E. 515). In the case cited, as in the one under review, there were double appeals, and the court was called upon to hear each, and to render appropriate judgments upon both. See, also, Genet v. Davenport, 60 N. Y. 194. The judgment directed by the referee in this case, as in those cited, was founded upon items easily distinguishable and separable, so that the general term could readily determine which constituted liabilities against the defendant, and which were not of an enforceable character, that final judgment might be rendered thereon. The order sought to be resettled declares the judgment rendered by the general term upon both appeals, and it could not have been well expressed in any other form. The plaintiff's argument is that, as a new trial was ordered as to part of the plaintiff's demand, it should have been so directed as to all; and Goodsell v. Telegraph Co., 109 N. Y. 147, 16 N. E. 324, is cited to sustain his contention. It will be found on examination that in that case, as well as in the authorities therein cited, there was but one appeal taken from the original judgment; and it was held that upon such an appeal there could not be a new trial as to part of an entire demand, and an affirmance as to the residue, leaving a fragmentary part to be tried in the court below, and the residue to go to the court of appeals. But the principle decided there does not reach the question in the form in which it arises here, nor has any reported case been called to our attention which holds that upon double appeals, such as were taken in this instance, the court cannot dispose of both by rendering such judgments thereon, by way of affirmance, reversal, or modification, as the nature of the case and justice require. For these reasons the motion to resettle the order must be denied, with $10 costs. All concur.

---

(9 Misc. Rep. 686.)

McDONALD v. O'HARA et al.

(Superior Court of New York City, General Term. October 9, 1894.)

EXECUTORS AND ADMINISTRATORS—SALE UNDER POWER IN WILL—INJUNCTION.
  Where a will directs the executors to sell and distribute the proceeds, and some of the beneficiaries are infants, the objection of the adult beneficiaries to a proposed sale by the executors, on the ground that it was not a favorable time, though entitled to weight with the executors, is not a ground for enjoining the sale.

Appeal from special term.

Action by Ann McDonald against Bryan O'Hara and others to enjoin a sale of real estate by defendants. From an order denying a motion to continue an injunction theretofore granted, plaintiff appeals. Affirmed.

The opinion of McADAM, J., filed below, is as follows:

The fourth clause of the will directs the executors to sell. The power is mandatory. Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498. While it is true that when the same person is exclusively entitled to a fund, whether in its unconverted or converted shape, such person being of full age and competent to act, he has the right to take it in its unconverted form (see Story, Eq. Jur. 793; and cases cited in Hetzel v. Barber, 69 N. Y., at page 5; Prentice v. Janssen, 79 N. Y. 478; Greenland v. Waddell, 116 N. Y. 234, 22 N. E. 367; Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925), the rule cannot be applied here, because one of the beneficiaries is under age, and incapable of making a legal election. Such an election, without the concurrence of all the beneficiaries, cannot extinguish the power of sale, for the divided will of part only does not reconvert the money into land, so as to take it out of the operation of the specific purposes of the will, as declared by the testator, and make it vest as land. Indeed, the action is not on the theory that the money has been reconverted into land, but that the present is not the best time to dispose of the property. The time of sale, rather than the right of sale, is called in question. The power of sale fails only when, by reason of a legal and irrevocable election, it becomes extinguished. As the necessary concurrent act of election is wanting, the surviving executor cannot be enjoined from carrying out literally the provisions of the will, which are his dominating guide. The protests filed by the adults against a sale at the present time ought to have great weight with the executors, but they do not give rise to the equitable relief claimed. It follows that the motion to continue the injunction must be denied, with $10 costs to abide the event.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

James Kearney, for appellant.
William J. Lacey, for respondents.

PER CURIAM. The order appealed from is affirmed, with costs, upon the opinion filed by the learned judge below.

---

(9 Misc. Rep. 690.)

BREWSTER v. WOOSTER.

(Superior Court of New York City, General Term. October 9, 1894.)

COSTS—SECURITY—ADDITIONAL UNDERTAKING.
    Under Code Civ. Proc. § 3276, providing that the court may require plaintiff to give security for costs, the amount of such additional security is in the discretion of the court.

Appeal from special term.
Action by William J. Brewster against George H. Wooster. From an order requiring plaintiff to give additional security for costs, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Arnoux, Ritch & Woodford, for appellant.
T. B. Browning, for respondent.

McADAM, J. On September 28, 1892, the court, upon the defendant's motion, required the plaintiff, a nonresident of the state, to file security for costs in the sum of $1,000. This order was complied with. Subsequently, and on June 20, 1894, the court, upon like motion, made a further order, requiring the plaintiff to